## John J. Reeve
v.
## Samuel L. Fox.

*Trover—Lien upon Property—Damages.*

Trover may be maintained to recover possession of cattle in the hands of another under a contract to feed the same, without first tendering the contract price for such feeding, where damages arising from the failure to properly care therefor, exceed the amount in question.

[Opinion filed June 12, 1891.]

In error to the Circuit Court of Morgan County; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Morrison & Whitlock, for plaintiff in error.

Messrs. Brown & Kirby, for defendant in error.

Conger, P. J. In November, 1887, Samuel L. Fox, the defendant in error, made a contract with John J. Reeve, the

plaintiff in error, by which the latter agreed to feed about fifty-three head of cattle through the winter and until May 1, 1888, for one dollar a head per month.

On May 2, 1888, Fox made a written demand for the return to him of the cattle which were then living, without tendering to Reeve the amount due for the feeding in accordance with the terms of the contract, which demand being refused, the present action of trover was instituted by Fox and he recovered a judgment in the court below for $693.

There is but one question in the case necessary to notice. It is insisted by plaintiff in error that it was "a legal necessity, in order to entitle Fox to the immediate possession of the cattle, that he pay or offer to pay Reeve the contract price for feeding the cattle, and a demand for the return of the cattle without an offer to pay, gave Fox no right to treat the refusal of Reeve to surrender the cattle, as a conversion of the same.

"The question whether Reeve was liable to Fox in damages for a failure to comply with his contract in taking care of the cattle can not be adjudicated in an action of trover."

Reeve of course had a lien upon the cattle for the amount due him for feeding them, and if anything was due for such care or feeding, he could lawfully refuse to deliver the possession of them until such charge was paid or tendered.

But if he failed to properly care for and feed them, he would be liable to Fox for all damages growing out of such failure; and if such damage exceeded his claim for feeding and caring for them, we think it clear that he had no lien to enforce, and no right to retain the possession when demanded. This question was fairly presented to the jury and they found that Reeve had failed to comply with his contract and had damaged Fox in excess of the amount of his claim under his contract.

In such case, to say that before Fox could recover possession of his cattle, he must pay to Reeve the contract price for keeping them, and then bring suit to recover a greater amount for the damages sustained by him, would be absurd.

Fox brings an action of trover at his peril, for if it appears upon trial that he still owes anything for the care and feeding

of the cattle after deducting the damages sustained by him, such balance would be a lien upon them and would defeat his action.

But such are not the facts in the present case. The jury have found that Fox owed Reeve nothing, and hence there was nothing in his claim of a lien. Low v. Martin, 18 Ill. 286.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*